IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| CHART TRADING DEVELOPMENT, LLC, § <br> § <br> Plaintiff, § <br> v. § <br> § <br> INTERACTIVE BROKERS, LLC, GAR § <br> WOOD SECURITIES, LLC, and COBRA § <br> TRADING, INC., § <br> § <br> Defendants. § | Case No. 6:15-cv-1135 |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Chart Trading Development, LLC ("CTD") files this complaint against defendants Interactive Brokers, LLC, Gar Wood Securities, LLC, and Cobra Trading, Inc. (collectively "Defendants") alleging, based on its own knowledge as to itself and based on information and belief as to all other matters, as follows:

## PARTIES

1. CTD is a Texas limited liability company with a principal place of business at 100 E. Ferguson, Suite 609, Tyler, Texas 75702.

2. On information and belief, Interactive Brokers, LLC is a Connecticut limited liability company with a principal place of business at One Pickwick Plaza, Greenwich, CT 06830.

3. On information and belief, Gar Wood Securities, LLC is a Delaware limited liability company with a principal place of business at 440 S. LaSalle, Suite 2201, Chicago, IL 60605, and an office at 5853 Glendora Ave., Dallas, TX 75230-5049. On information and belief, Gar Wood Securities, LLC can be served in Texas via its registered agent for service of process: Kevin J. Mulryan at 5853 Glendora Ave., Dallas, TX 75230-5049.

1

4. On information and belief, Cobra Trading, Inc. is a Texas corporation with a principal place of business at 4800 Hedgcoxe Road, Suite 300, Plano, TX 75024. On information and belief, Cobra Trading, Inc. can be served in Texas via its registered agent for service of process: Chadd Thomas Hessing at 2163 Fair Hill Drive, Allen, TX 75013.

## JURISDICTION AND VENUE

5. This is an action for patent infringement arising under 35 U.S.C. §§ 271, 281, and 284-85, among others. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

6. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 and 1400(b). On information and belief, Defendants have transacted business in this district and have committed, by themselves or in concert with others, acts of patent infringement in this district.

7. Defendants are subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to Defendants' substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and/or (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas in this district.

8. On information and belief, Interactive Brokers has operated and continues to operate a website (www.interactivebrokers.com) that is accessible to residents of the state of Texas, including in this district, through which Interactive Brokers advertises and makes available for sale certain services and electronic trading platforms, including Interactive Brokers Trader WorkStation, that are herein accused of infringement. (*See* https://www.interactivebrokers.com/en/index.php?f=14099&ns=T).

9. On information and belief, Interactive Brokers has partnered or otherwise formed business relationships with Texas entities who, on behalf of Interactive Brokers, have offered for sale, sold, used, and induced others to use, certain electronic trading platforms, including Interactive Brokers Trader WorkStation, that are herein accused of infringement. These Texas entities include Gar Wood Securities, LLC and Cobra Trading, Inc.

10. On information and belief, Interactive Brokers has created and continues to facilitate the "IB Student Training Lab," in which students, high school teachers, and college professors use the Interactive Brokers Trader WorkStation platform to execute simulated trades. (*See* https://www.interactivebrokers.com/en/index.php?f=1593). As part of this program, Interactive Brokers has provided the Interactive Brokers Trader WorkStation platform to users at various universities in Texas, including Rice University, Texas A&M University, Texas Southern University, Texas Tech University, University of Houston Clear Lake, University of Texas at Arlington, University of Texas at Dallas, and University of Texas at El Paso. (*See* https://www.interactivebrokers.com/en/?f=%2Fen%2Fgeneral%2Feducation%2FtradingLabSchools.php).

11. On information and belief, Gar Wood Securities, LLC, which maintains an office in Dallas, Texas, has operated and continues to operate a website (https://garwoodsecurities.net) that is accessible to residents of the state of Texas, including in this district, through which Gar Wood Securities, LLC advertises and makes available for sale certain services and electronic trading platforms, including Interactive Brokers Trader WorkStation, that are herein accused of infringement. (*See, e.g.*, https://garwoodsecurities.net/technology/ (offering Interactive Brokers Trader WorkStation for download)).

12. On information and belief, Cobra Trading, Inc., which has a principal place of business in Plano, Texas, has operated and continues to operate a website (cobratrading.com) that is accessible to residents of the state of Texas, including in this district, through which Cobra Trading, Inc. advertises and makes available for sale certain services and electronic trading platforms, including Interactive Brokers Trader WorkStation, that are herein accused of infringement. (*See, e.g.*, http://www.cobratrading.com/futures.php (offering access to Interactive Brokers Trader WorkStation for futures trading)).

## COUNT I

## DIRECT INFRINGEMENT OF U.S. PATENT NO. 8,380,611

13. On February 19, 2013, U.S. Patent No. 8,380,611 ("the '611 patent") was duly and legally issued by the U.S. Patent and Trademark Office for an invention titled "Graphical Order Entry User Interface for Trading System." Ex. 1.

14. CTD is the owner of the '611 patent with all substantive rights in and to that patent, including the sole and exclusive right to bring this action and enforce the '611 patent against infringers, and to collect damages for all relevant times.

15. Defendants, directly or through their agents, customers, and/or intermediaries, have made used, tested, imported, provided, supplied, distributed, sold and/or offered for sale products and/or systems (including for example, Interactive Brokers Trader WorkStation) that infringe one or more claims of the '611 patent. Specifically, Defendants' accused products and/or systems have certain features, such as "Chart Trader," that allow a user to execute trades directly from a graph containing a curve corresponding to a range of values of a financial instrument.

16. Interactive Brokers has touted Trader WorkStation, which, according to Interactive Brokers, "lets traders, investors and institutions trade stocks, options, futures, forex, bonds and

4

funds on over 100 markets worldwide from a single account." (https://www.interactivebrokers.com/en/index.php?f=14099&ns=T). According to Interactive Brokers, customers can "[o]ptimize [their] trading speed and efficiency with our market maker-designed Trader Workstation (TWS)." (https://www.interactivebrokers.com/en/index.php?f=1338&ns=T).

17. According to Interactive Brokers, "[w]ith Trader Workstation it is possible to trade directly from a real-time chart using Chart Trader." (http://ibkb.interactivebrokers.com/node/1058).

18. Defendants have directly infringed and are continuing to directly infringe at least claims 1 and 12 of the '611 patent.

## COUNT II

## INDIRECT INFRINGEMENT OF U.S. PATENT NO. 8,380,611

19. Defendants have indirectly infringed the '611 patent, both via contributory and induced infringement. The direct infringement underlying Defendants' indirect infringement of the '611 patent consists of their end-user customers' use of Interactive Brokers Trader WorkStation. Interactive Brokers' end-user customers include at least individuals at Rice University, Texas A&M University, Texas Southern University, Texas Tech University, University of Houston Clear Lake, University of Texas at Arlington, University of Texas at Dallas, and University of Texas at El Paso, who participated in the IB Student Training Lab.

20. Defendants have induced and are continuing to induce their end-user customers to use the accused systems, and specifically to use them in a manner that infringes the '611 patent. Defendants have done so by (1) providing instructions to their customers explaining how to use the Chart Trader feature and how to execute trades directly from a chart; and (2) touting and advertising this feature to their customers.

21.     Defendants have contributed to and are continuing to contribute to the infringement of the '611 patent by end-user customers by making and selling Interactive Brokers Trader WorkStation with the Chart Trader feature, which is especially made for use by end-user customers in a manner that infringes the '611 patent and has no substantial non-infringing uses. In particular, the feature that permits end-user customers to place trades directly from a chart has no practical use other than uses that infringe the '611 patent, and this feature constitutes a material part of the claimed invention of at least claims 1 and 12 of the '611 patent and is not a staple article of commerce suitable for substantially non-infringing uses. The use of this feature by end-user customers of Interactive Brokers Trader WorkStation for its intended purpose necessarily results in infringement of the '611 patent.

22.     Defendants have had knowledge of the '611 patent and the fact that their customers' use of the Chart Trader feature infringes the '611 patent since at least as early as the filing of this lawsuit.

23.     Defendants therefore have induced and contributed to acts of direct infringement, and are continuing to do so, with the specific intent and knowledge that others would infringe the '611 patent.

## COUNT III

### DIRECT INFRINGEMENT OF U.S. PATENT NO. 7,113,190

24.     On September 26, 2006, U.S. Patent No. 7,113,190 ("the '190 patent") was duly and legally issued by the U.S. Patent and Trademark Office for an invention titled "Systems and Methods for Providing an Interactive Graphical Representation of a Market for an Electronic Trading System." Ex. 2.

25. CTD is the owner of the '190 patent with all substantive rights in and to that patent, including the sole and exclusive right to bring this action and enforce the '190 patent against infringers, and to collect damages for all relevant times.

26. Defendants, directly or through their agents, customers, and/or intermediaries, have made used, tested, imported, provided, supplied, distributed, sold and/or offered for sale products and/or systems (including for example, Interactive Brokers Trader WorkStation) that have infringed one or more claims of the '190 patent. Specifically, Defendants' accused products and/or systems have certain features, such as Chart Trader, that allow a user to execute trades directly from a graph containing a curve corresponding to a range of values of a financial instrument.

27. Defendants have directly infringed, and are continuing to directly infringe, at least claims 1 and 9 of the '190 patent.

## COUNT IV

## INDIRECT INFRINGEMENT OF U.S. PATENT NO. 7,113,190

28. Defendants have indirectly infringed the '190 patent, both via contributory and induced infringement. The direct infringement underlying Defendants' indirect infringement of the '190 patent consists of their end-user customers' use of Interactive Brokers Trader WorkStation. Interactive Brokers' end-user customers include at least individuals at Rice University, Texas A&M University, Texas Southern University, Texas Tech University, University of Houston Clear Lake, University of Texas at Arlington, University of Texas at Dallas, and University of Texas at El Paso, who participated in the IB Student Training Lab.

29. Defendants have induced and are continuing to induce their end-user customers to use the accused systems, and specifically to use them in a manner that infringes the '190 patent. Defendants have done so by (1) providing instructions to their customers explaining how to use

Chart Trader and how to execute trades directly from a chart; and (2) touting and advertising this feature to their customers.

30.     Defendants have contributed to and are continuing to contribute to the infringement of the '190 patent by end-user customers by making and selling Interactive Brokers Trader WorkStation with the Chart Trader feature, which is especially made for use by end-user customers in a manner that infringes the '190 patent and has no substantial non-infringing uses. In particular, the feature that permits end-user customers to place trades directly from a chart has no practical use other than uses that infringe the '190 patent, and this feature constitutes a material part of the claimed invention of at least claims 1 and 9 of the '190 patent and is not a staple article of commerce suitable for substantially non-infringing uses. The use of this feature by end-user customers of Interactive Brokers Trader WorkStation for its intended purpose necessarily results in infringement of the '190 patent.

31.     Defendants have had knowledge of the '190 patent and the fact that their customers' use of the Chart Trader feature infringes the '190 patent since at least as early as the filing of this lawsuit.

32.     Defendants therefore have induced and contributed to acts of direct infringement, and are continuing to do so, with the specific intent and knowledge that others would infringe the '190 patent.

## COUNT V

## DIRECT INFRINGEMENT OF U.S. PATENT NO. 7,890,416

33.     On February 15, 2011, U.S. Patent No. 7,890,416 ("the '416 patent") was duly and legally issued by the U.S. Patent and Trademark Office for an invention titled "Systems and Methods for Providing a Trading Interface." Ex. 3.

34.     CTD is the owner of the '416 patent with all substantive rights in and to that patent, including the sole and exclusive right to bring this action and enforce the '416 patent against infringers, and to collect damages for all relevant times.

35.     Defendants, directly or through their agents, customers, and/or intermediaries, have made used, tested, imported, provided, supplied, distributed, sold and/or offered for sale products and/or systems (including for example, Interactive Brokers Trader WorkStation) that have infringed one or more claims of the '416 patent. Specifically, Defendants' accused products and/or systems have certain features, such as Chart Trader, that allow a user to place trades using a first and second trading interface, displaying bids and offers in the first trading interface and prices and sizes in the second trading interface, as specifically described and claimed in the '416 patent.

36.     Defendants have directly infringed, and are continuing to directly infringe, at least claims 1 and 40 of the '416 patent.

## COUNT VI

## INDIRECT INFRINGEMENT OF U.S. PATENT NO. 7,890,416

37.     Defendants have indirectly infringed the '416 patent, both via contributory and induced infringement. The direct infringement underlying Defendants' indirect infringement of the '416 patent consists of their end-user customers' use of Interactive Brokers Trader WorkStation. Interactive Brokers' end-user customers include at least individuals at Rice University, Texas A&M University, Texas Southern University, Texas Tech University, University of Houston Clear Lake, University of Texas at Arlington, University of Texas at Dallas, and University of Texas at El Paso, who participated in the IB Student Training Lab.

38.     Defendants have induced and are continuing to induce their end-user customers to use the accused systems, and specifically to use them in a manner that infringes the '416 patent.

Defendants have done so by (1) providing instructions to their customers explaining how to use the Chart Trader feature; and (2) touting and advertising this feature to their customers.

39. Defendants have contributed to and are continuing to contribute to the infringement of the '416 patent by end-user customers by making and selling Interactive Brokers Trader WorkStation with the Chart Trader feature, which is especially made for use by end-user customers in a manner that infringes the '416 patent and has no substantial non-infringing uses. In particular, the feature that permits end-user customers to place trades using a first and second interface with all of the features claimed in the '416 patent has no practical use other than uses that infringe the '416 patent, and this feature constitutes a material part of the claimed invention of at least claims 1 and 40 of the '416 patent and is not a staple article of commerce suitable for substantially non-infringing uses. The use of this feature by end-user customers of Interactive Brokers Trader WorkStation for its intended purpose necessarily results in infringement of the '416 patent.

40. Defendants have had knowledge of the '416 patent and the fact that their customers' use of the Chart Trader feature infringes the '416 patent since at least as early as the filing of this lawsuit.

41. Defendants therefore have induced and contributed to acts of direct infringement, and are continuing to do so, with the specific intent and knowledge that others would infringe the '416 patent.

## COUNT VII

## DIRECT INFRINGEMENT OF U.S. PATENT NO. 8,041,626

42. On October 18, 2011, U.S. Patent No. 8,041,626 ("the '626 patent") was duly and legally issued by the U.S. Patent and Trademark Office for an invention titled "Systems and Methods for Providing a Trading Interface." Ex. 4.

43. CTD is the owner of the '626 patent with all substantive rights in and to that patent, including the sole and exclusive right to bring this action and enforce the '626 patent against infringers, and to collect damages for all relevant times.

44. Defendants, directly or through their agents, customers, and/or intermediaries, have made used, tested, imported, provided, supplied, distributed, sold and/or offered for sale products and/or systems (including for example, Interactive Brokers Trader WorkStation) that have infringed one or more claims of the '626 patent. Specifically, Defendants' accused products and/or systems have certain features, such as Chart Trader, that allow a user to place trades using a first and second trading interface, displaying bids and offers in the first trading interface and prices and sizes in the second trading interface, as specifically described and claimed in the '626 patent.

45. Defendants have directly infringed, and are continuing to directly infringe, at least claims 1 and 29 of the '626 patent.

## COUNT VIII

## INDIRECT INFRINGEMENT OF U.S. PATENT NO. 8,041,626

46. Defendants have indirectly infringed the '626 patent, both via contributory and induced infringement. The direct infringement underlying Defendants' indirect infringement of the '626 patent consists of their end-user customers' use of Interactive Brokers Trader WorkStation. Interactive Brokers' end-user customers include at least individuals at Rice University, Texas A&M University, Texas Southern University, Texas Tech University, University of Houston Clear Lake, University of Texas at Arlington, University of Texas at Dallas, and University of Texas at El Paso, who participated in the IB Student Training Lab.

47. Defendants have induced and are continuing to induce their end-user customers to use the accused systems, and specifically to use them in a manner that infringes the '626 patent.

Defendants have done so by (1) providing instructions to their customers explaining how to use the Chart Trader feature; and (2) touting and advertising this feature to their customers.

48. Defendants have contributed to and are continuing to contribute to the infringement of the '626 patent by end-user customers by making and selling Interactive Brokers Trader WorkStation with the Chart Trader feature, which is especially made for use by end-user customers in a manner that infringes the '626 patent and has no substantial non-infringing uses. In particular, the feature that permits end-user customers to place trades using a first and second interface with all of the features claimed in the '626 patent has no practical use other than uses that infringe the '626 patent, and this feature constitutes a material part of the claimed invention of at least claims 1 and 29 of the '626 patent and is not a staple article of commerce suitable for substantially non-infringing uses. The use of this feature by end-user customers of Interactive Brokers Trader WorkStation for its intended purpose necessarily results in infringement of the '626 patent.

49. Defendants have had knowledge of the '626 patent and the fact that their customers' use of the Chart Trader feature infringes the '626 patent since at least as early as the filing of this lawsuit.

50. Defendants therefore have induced and contributed to acts of direct infringement, and are continuing to do so, with the specific intent and knowledge that others would infringe the '626 patent.

## COUNT IX

## WILLFUL INFRINGEMENT

51. At least as early as the filing of this lawsuit, Defendants' infringement of the '611, '190, '416, and '626 patents is willful.

52. For the same reasons set forth above in paragraphs 22, 31, 40, and 49, Defendants have knowledge of the '611, '190, '416, and '626 patents and that their acts constitute infringement. Defendants are continuing to act in the face of an objectively high likelihood that their actions constitute infringement of a valid patent or with reckless disregard of that likelihood.

## JURY DEMAND

CTD hereby requests a trial by jury on all issues so triable by right.

## PRAYER FOR RELIEF

CTD requests that the Court find in its favor and against Defendants and that the Court grant CTD the following relief:

a. Judgment that one or more claims of the '611, '190, '416, and '626 patents have been infringed, either literally and/or under the doctrine of equivalents, by Defendants and/or all others acting in concert therewith;

b. A permanent injunction enjoining Defendants and their officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in concert therewith from infringement of the '611, '190, '416, and '626 patents;

c. Judgment that Defendants account for and pay to CTD all damages and costs incurred by CTD because of Defendants' infringing activities and other conduct complained of herein;

d. That CTD be granted pre-judgment and post-judgment interest on the damages caused by Defendants' infringing activities and other conduct complained of herein;

e. That this Court declare this an exceptional case and award CTD its reasonable attorney's fees and costs in accordance with 35 U.S.C. § 285; and

    f.    That CTD be granted such other and further relief as the Court may deem just and proper under the circumstances.

Dated: December 3, 2015

Of Counsel:

James R. Barney (*pro hac vice pending*)
Robert Shaffer (*pro hac vice pending*)
Lauren J. Dreyer (*pro hac vice pending*)

FINNEGAN, HENDERSON, FARABOW,
GARRETT & DUNNER, LLP
901 New York Avenue, NW
Washington, DC  20001-4413
Telephone: (202) 408-4000
Facsimile:  (202) 408-4400
james.barney@finnegan.com
robert.shaffer@finnegan.com
lauren.dreyer@finnegan.com

Respectfully submitted,

By: */s/ Eric H. Findlay*
Eric H. Findlay, Lead Attorney
State Bar No. 00789886
Email: efindlay@findlaycraft.com
FINDLAY CRAFT, P.C.
102 North College Avenue, Suite 900
Tyler, TX 75702
Telephone: (903) 534-1100
Facsimile: (903) 534-1137

*Attorneys for Plaintiff*
*Chart Trading Development, LLC*